Kenneth D. SCOTT, Appellant,

v.

J. B. PENDLETON, Appellee.

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Oct. 7, 1955.

Coleman, Harlin & Orendorf, Maxey B. Harlin, Bowling Green, James B. Myers,

Horse Cave, C. B. Larimore, Munfordville, for appellant.

Stokes A. Baird, Munfordville, for appellee.

## CLAY, Commissioner.

The plaintiff and defendant were involved in an automobile collision near the crest of a hill on a narrow country road. The jury returned a verdict of $5,000 for the plaintiff, approximately $4,000 of which was for his personal injuries. On this appeal defendant contends: (1) the plaintiff was contributorily negligent as a matter of law, (2) plaintiff's counsel made an improper argument, and (3) the verdict was excessive.

The collision occurred at a point about 20 feet on plaintiff's side of the crest of a hill. Due to the steep incline on both sides, neither driver could observe the approach of the other until they were in close proximity. Plaintiff testified he saw the top of the other car coming over the hill when he was about 100 feet away. He further stated that he took immediate steps to pull to the right side of the road and stop, and that he blew his horn while stopping. He did not sound his horn while ascending the grade.

It is defendant's contention that plaintiff was guilty of contributory negligence as a matter of law in that he violated KRS 189.-410. This statute requires the operator of a motor vehicle to give warning by horn or other sound device when approaching a curve or obstruction that prevents a clear view of the highway for a distance ahead of 150 feet. Assuming that this statute imposed a specific duty on the plaintiff as he approached the crest of the hill, there are two reasons why we cannot say as a matter of law that he was contributorily negligent.

In the first place, he testified he did blow his horn and the statute does not specify how far from the blind portion of the roadway a signal must be sounded. Under the circumstances the jury could find that the warning was given within sufficient time. In the second place, even if the

plaintiff were required to sound his horn before being confronted with the emergency, we cannot say as a matter of law that his failure to do so was a proximate contributing cause of the accident. There was evidence that the collision was caused by the defendant's failure to stay on his right side of the road.

The jury was instructed on plaintiff's duty to sound his horn, and it should properly determine whether or not he did do so, or if he failed to do so, whether or not such failure contributed to this collision.

■■ In the closing argument plaintiff's counsel made a most improper statement concerning one of defendant's witnesses. However, upon objection made, the trial court sustained the objection and admonished the jury not to consider it. We believe the action taken by the court sufficiently protected the defendant, but if it did not do so, defendant cannot now complain of the court's failure to take further steps since no motion was made to discharge the jury. See Smith v. Dunning, 275 Ky. 733, 122 S. W.2d 781.

While defendant devotes the major portion of his brief to excessiveness of damages, we find no merit in his contention. Plaintiff suffered injuries to both knees. The right knee injury was the worse, and one of his doctors testified that it was fractured. Plaintiff was put in a light cast and suffered from stiffness of the leg. It was necessary for him to use a heavy cane for some time. A year after the accident he testified he could not stand for long periods of time and that he suffers pain if he twists his leg suddenly or attempts to get down on his knees.

A doctor testified that he was 25 percent disabled, and that the disability was permanent.

■ While defendant attempts to minimize the plaintiff's injury and attempts to discredit the testimony of one of plaintiff's doctors, the jury was justified in finding that the injury was of a serious nature, that it had caused considerable pain and

suffering, and would cause such pain and suffering in the future. Plaintiff lost over a month's time from his work and his medical bills ran over $200.

The amount of $4,000 for plaintiff's injuries does not strike us as having been awarded as the result of passion and prejudice.

The judgment is affirmed.